1  PETER C. ANDERSON
   UNITED STATES TRUSTEE
2  JILL M. STURTEVANT, State Bar No. 089395
   ASSISTANT UNITED STATES TRUSTEE
3  MELANIE SCOTT, State Bar No. 234646
   TRIAL ATTORNEY
4  OFFICE OF THE UNITED STATES TRUSTEE
   915 Wilshire Blvd., Suite 1850
5  Los Angeles, California 90017
   (213) 894-4356 telephone
6  (213) 894-2603 facsimile
   Email: melanie.green@usdoj.gov

7

8

9                     UNITED STATES BANKRUPTCY COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                       LOS ANGELES DIVISION

12

13  In re                          | Case No. 2:13-bk-29481-ER

14  LORENA CARMEN MARTIN,          | Chapter 7

15         Debtor.                 | **EX PARTE MOTION TO REOPEN
                                    | CHAPTER 7 CASE UNDER 11 U.S.C.
16                                  | § 350(b) AND TO DIRECT
                                    | APPOINTMENT OF TRUSTEE;
17                                  | MEMORANDUM OF POINTS AND
                                    | AUTHORITIES; DECLARATION OF
18                                  | TIMOTHY J. YOO IN SUPPORT
                                    | THEREOF**
19                                  |
                                    | [No Hearing Required]
20

21

22

23     **TO THE HONORABLE ERNEST ROBLES, UNITED STATES BANKRUPTCY**

24  **JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

25         The Ex Parte Motion (the "Motion") of the United States Trustee to Reopen chapter 7

26  Case under 11 U.S.C. § 350(b) and to Direct Appointment of Trustee is based on the following:

27

28

                                        1

1.  On July 31, 2013, Lorena Carmen Martin ("Debtor") filed a Chapter 7 Voluntary Petition with the United States Bankruptcy Court for the Central District of California, Los Angeles Division, as Case No. 2:13-bk-29481-ER [Bankr. Dkt. #1].

2.  On August 28, 2013, the former Chapter 7 Trustee, Timothy J. Yoo (the "Former Chapter 7 Trustee"), filed a Chapter 7 Trustee's Report of No Distribution (the "No Asset Report"), and the Debtor's case was closed on November 5, 2013 [Bankr. Dkt. 11].[1]

3.  After the Debtor's case was closed, the Former Chapter 7 Trustee received information that the Debtor had a pre-petition claim in a class-action against the manufacturer of a pharmaceutical drugs (the "Claim"), causing the Debtor personal injury. The Claim was not disclosed in the Debtor's schedules and/or Statement of Financial Affairs.[2]

4.  The Claim has already been settled, and the estimated settlement is $160,000.[3]

5.  Based on the foregoing, the Former Chapter 7 Trustee intends to take possession a portion of the net settlement funds for the benefit of creditors. Therefore, the United States Trustee seeks to reopen the case and grant authorization to appoint a chapter 7 trustee for the purposes described herein.

6.  Pursuant to Rule 5001 of the Federal Rules of Bankruptcy Procedure, the reopening of a bankruptcy case will not result in the reappointment of a trustee unless the Court determines that such reappointment is in the best interest of creditors. In this case, it is obvious that no purpose would be served by reopening the case and not appointing a trustee, since a trustee is necessary.

WHEREFORE, the United States Trustee seeks an Order authorizing the reopening of the case and appointment of a chapter 7 trustee for the purposes as described above. As discussed above, the Former Chapter 7 Trustee learned of the Transfer after the issuance of the

---

[1] See Declaration of Timothy J. Yoo ("Yoo Declaration") in support of the Motion, at ¶ 2.

[2] Id. at ¶ 3.

[3] Id. at ¶ 3.

1   No Asset Report.  The filing fee will be included for payment in the Trustee's Final Report

2   along with any other Court costs.

3

4   DATED: May 24, 2016                 PETER C. ANDERSON
                                    UNITED STATES TRUSTEE

5

6

7                              By:   MELANIE SCOTT

8                                Trial Attorney

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.      THE COURT MAY ORDER THE DEBTOR'S CASE REOPENED UNDER 11**

3  **U.S.C. SECTION 350**

4          The closing and reopening of cases is governed by 11 U.S.C. §350, which provides in

5  pertinent part:

6

7                    (b) A case may be reopened in the court in which such case was
                     closed to administer assets, to afford relief to the debtor, or for
                     other cause.

8

9  11 U.S.C. § 350(b).  The decision to reopen a case rests within the sound discretion of the

10 bankruptcy court.  *See In re McDonald*, 161 B.R. 697 (D. Kan. 1993).

11         In this case, cause exists to reopen the case.  As stated above and in the attached

12 Declaration of Timothy J. Yoo, after the closing of the case, the Former Chapter 7 Trustee

13 learned of the Claim.  It appears the Debtor did not disclose the Claim in her schedules and/or

14 Statement of Financial Affairs. As a result, the United States Trustee requests that this Court

15 reopen the Debtor's case so that a trustee can be appointed to take possession of the net

16 settlement funds for the benefit of creditors.  Accordingly, good cause exists for this Court to

17 reopen this case.

18 **II.     THIS EX PARTE MOTION IS APPROPRIATE FOR THE MINISTERIAL ACT**

19         **OF REOPENING THE DEBTOR'S CASE**

20         Reopening a case, by itself, has no independent legal significance, is a ministerial or

21 mechanical act, and determines nothing with respect to the merits of the case.  *See In re*

22 *Germaine*, 152 B.R. 619, 624 (9th Cir. BAP 1993).  The request to reopen can be brought *ex*

23 *parte* and without notice.  *See In re Daniels*, 34 B.R. 782, 784 (9th Cir. BAP 1983); *In re Abbott*,

24 183 B.R. 198, 200 (9th Cir. BAP 1995).

25         Similarly, the Ninth Circuit Bankruptcy Appellate Panel in *In re Menk*, 241 B.R. 896,

26 914 (9th Cir. BAP 1999) noted that although the reopening procedure described by Federal Rule

27 of Bankruptcy Procedure 5010 requires a motion, it does not require notice be given to anyone.

28 The *Menk* court further noted that § 350(b) does not mention a requirement of notice and a

1  hearing that connotes the statutory need to permit a contest.  Accordingly, the *Menk* court held

2  that a motion to reopen can be considered *ex parte* and without a hearing.  *Id.*

3        Based on the foregoing, *ex parte* relief is appropriate in this case.

4  **III.**  **CONCLUSION**

5        Based on the foregoing, the United States Trustee respectfully requests the Court reopen

6  the instant case to allow a trustee to administer the Claim for the benefit of the creditors.

7                                Respectfully submitted,

8  DATED: May 24, 2016                  PETER C. ANDERSON

9                                UNITED STATES TRUSTEE

10

11                    By:     MELANIE SCOTT

12                        Trial Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION

# DECLARATION OF TIMOTHY J. YOO

I, TIMOTHY J. YOO, do hereby declare and state as follows:

1.      I make this declaration from my own personal knowledge, except as to those matters which are therein stated upon my information or belief, and as to those matters, I believe them to be true.

2.      I was originally assigned as the Chapter 7 Trustee in the Bankruptcy Case of Lorena Carmen Martin, Case No. 2:13-bk-29481-ER, filed on July 31, 2013.  I conducted the Meeting of Creditors on August 26, 2013 and filed a "Report of No Distribution" on August 28, 2013.  The Court closed the case on November 5, 2013.

3.      In April of 2016, I received a letter from Ferrer Poirot Wansbrough, advising me that a settlement had been reached in a class action in which the Debtor was a claimant.  The claim has already been settled, and the estimated settlement is $160,000.  As the "date of injury" was before the filing of the petition, I contend that at least a portion of the claim is an asset of the estate.

4.      I am requesting that this case be re-opened to take possession of the net settlement funds for the benefit of creditors.

I declare under penalty of perjury, pursuant to the laws of the United States of America that the foregoing is true and correct.

DATED: May 18, 2016

Timothy J. Yoo

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**915 Wilshire Blvd, Suite 1850, Los Angeles, California 90017-3560**

A true and correct copy of the foregoing document entitled (*specify*):
**EX PARTE MOTION TO REOPEN CHAPTER 7 CASE UNDER 11 U.S.C. § 350(b) AND TO DIRECT APPOINTMENT OF TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TIMOTHY J. YOO IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **May 24, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:  On **May 24, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 24, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| May 24, 2016 | Lawrence Pleasant | *(signature)* |
| Date | Print Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

   **Name**                    **Capacity**                    **Email Address**

   *SEE NEF FOR CONFIRMATION OF ELECTRONIC TRANSMISSION TO THE U.S. TRUSTEE AND ANY TRUSTEE IN THIS CASE, AND TO ANY ATTORNEYS WHO RECEIVE SERVICE BY NEF.*

2. **SERVED BY U.S. MAIL**
   <u>Debtor</u>
   Lorena Carmen Martin
   645 Alder Lane
   Walnut, CA 91789

3. **SERVED BY (state method for each person served):**

   **FEDERAL EXPRESS OVERNIGHT MAIL**
   Judge's Copy
   Honorable Ernest Robles
   U.S. Bankruptcy Court
   255 E. Temple Street, Room 940
   Los Angeles, CA  90012
   Attn: Mail Room Clerk-Judges Copies

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**